755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PHILLIP E. WHITNEY, PLAINTIFF-APPELLANT,
v.
OFFICER RONALD PFEIFER AND CITY OF YPSILANTI, DEFENDANTS-APPELLEES.
 NO. 83-1554
 United States Court of Appeals, Sixth Circuit.
 1/3/85
 
 Before: MERRITT and KRUPANSKY, Circuit Judges; ROSENN, Senior Circuit Judge.*
 MERRITT, Circuit Judge.
 
 
 1
 In this state tort claim and Sec. 1983 case, plaintiff-appellant, Whitney, challenges the jury instructions in the tort case and the summary dismissal of the Sec. 1983 action. This Court holds that both the jury instructions and the summary dismissal of the Sec. 1983 action, if error at all, were harmless error. Therefore, we affirm the judgment of the District Court.
 
 I.
 
 2
 On June 30, 1980, the police were called to an apartment complex managed by Whitney to settle a disturbance over a tenant's possible eviction. During the discussion Whitney and appellee-defendant Officer Pfeifer had a heated argument resulting in Pfeifer's informing Whitney that he was under arrest. At this time, Whitney got into a violent exchange with Pfeifer and several other officers. Whitney contends that when Pfeifer placed him under arrest he surrendered immediately, but was then gratuitously attacked by Pfeifer and the other officers. Pfeifer contends that Whitney resisted arrest compelling the use of force to subdue him. Pfeifer further maintains that the force was not excessive or improper. As a result of this incident, Whitney's left arm was broken.
 
 
 3
 Whitney filed this action against Officer Pfeifer and the City of Ypsilanti alleging common law assault and battery and a violation of Whitney's constitutional rights pursuant to 42 U.S.C. Sec. 1983. The District Judge dismissed the Sec. 1983 action on the grounds that there were other available avenues of relief in state court through which Whitney could remedy a violation of his due process rights. In the assault and battery action, the jury brought in a verdict for Pfeifer.
 
 II.
 
 4
 Rule 61 of the Federal Rules of Civil Procedure states that a court 'must disregard any error or defect in [a] proceeding which does not affect the substantial rights of the parties.' In the instant case, plaintiff argues that it was error not to instruct the jury on the tort claim that Pfeifer was liable for the battery of other officers if he 'should have known' that they would attach plaintiff. This argument is incorrect and not based on the record. The basic factual issue was whether Pfeifer himself used excessive force and in doing so broke plaintiff's arm and not whether Pfeifer was vicariously responsible for the conduct of others. Pfeifer was not a supervisor. His liability depended on his own role in the fray. The other officers were not made defendants. The complaint in paragraph 11 alleges that Pfeifer, not other officers, injured him directly. Since the case was not tried on a theory that Pfeifer was responsible for the torts of others, it was harmless error if the District Court erred in advising the jury about Pfeifer's legal responsibility for the actions of others.
 
 
 5
 The summary dismissal of Whitney's Sec. 1983 claim was also harmless error. The factual issues and elements of liability--excessive force and assault and battery--in both the tort action and the Sec. 1983 action are identical. If there is any difference between these causes of action, it is that the Sec. 1983 claim imposes a standard of liability more difficult for the plaintiff to meet than the assault and battery charge. In that event, liability for assault and battery is a necessary element in establishing the Sec. 1983 claim. Since the jury believed that Pfeifer was not liable for assault and battery, it could not have concluded that Pfeifer violated Whitney's rights under Sec. 1983. Hence, if the District Judge erred in dismissing the Sec. 1983 claim, his error, in light of the jury's verdict, was harmless.
 
 
 6
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Max Rosenn, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation